UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL PRIDGEN,<br><br>        Defendant. | Criminal No. 19-10375-RGS |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in connection with the defendant Michael Pridgen's sentencing, scheduled for September 24, 2020. The parties in their binding plea agreement pursuant to Fed. R. Crim. P. 11(c)1(C) have recommended a 54-month sentence of imprisonment – just below the low end of the Guidelines as calculated by Probation – as well as supervised release for 6 years thereafter, including a geographic restriction aimed at preventing the defendant from causing further harm to the residents of the public housing development in which he sold drugs on numerous occasions. The government asks that the Court accept this Plea Agreement and impose the agreed-upon sentence.

## FACTS

Pridgen has been convicted of two counts of distribution of and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine base and fentanyl in violation of 21 U.S.C. § 841(a)(1), and one count of distribution of and possession with intent to distribute controlled substances in or on a housing facility owned by a public housing authority, in violation of 21 U.S.C. §§ 841(a)(1) and 860. These charges stem from Pridgen's sale of cocaine base to a cooperating witness ("CW") working

with FBI in the spring and summer of 2019, and agents' discovery of additional cocaine base and fentanyl intended for distribution on his person upon his arrest in September 2019. *See* PSR ¶¶ 7-8. All of the charged sales, as well as additional uncharged sales described in the PSR, took place at the Mildred C. Hailey public housing development in Boston. Some of the sales took place in common hallways, where drugs and/or packaging were stored in building electrical boxes. PSR ¶¶ 9, 11. The total weight of the tested substances across the six transactions described in the PSR, along with the controlled substances found on PRIDGEN's person at the time of his arrest, was approximately **49.85 grams of crack cocaine and 14.4 grams of fentanyl**. PSR ¶ 8.

Because the material facts are unopposed, an evidentiary sentencing hearing is not necessary.

## DISCUSSION

### I. Sentencing Guideline Calculation

Based on its computation of Pridgen's total offense level as 23 after a three-level reduction for prompt acceptance of responsibility, and his criminal history category as III, the United States Probation Office ("Probation") has calculated a guideline sentencing range ("GSR") in this case to include a term of incarceration from 57-71 months, to be followed by a term of supervised release of 6 years; a fine of $20,000 to $5 million; and a special assessment of $400. The Government concurs with Probation's determination of the GSR.

### II. Application of the Section 3553(a) Factors

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offenses and the history and characteristics of the defendant, and the need for the sentence

imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require courts to consider the kinds of sentences available, and the GSR. In this case, the parties agree that a sentence of imprisonment of 54 months, just below the low end of the GSR, and six years of supervised with release with meaningful conditions, including geographic restrictions, is sufficient, but not greater than necessary, to achieve the goals of § 3553(a)(2).

### A. Application of the 3553(a) Factors Points to the Agreed Sentence

#### 1. Nature and Circumstances of Offense

The PSR holds Pridgen accountable for 192.06 kg converted drug weight – toward the lower end of the 100-400 kg range that results in offense level 24, to which 2 points were added because the sales took place in a public housing development. The drugs in question included crack cocaine and fentanyl, both of which pose serious risks to the health and safety of the community.

#### 2. Seriousness of Offense; Respect for the Law; Just Punishment; Deterrence; Protection of Public

Although the drug quantity that Pridgen sold in the charged offenses is on the lower end for the offense level, the seriousness of these crimes and the relevant conduct must not be overlooked. Pridgen sold drugs including crack cocaine and fentanyl – powerful drugs that have been linked to any number of societal harms, including intractable addictions and fatal overdoses – in common areas of a public housing development. At least two of these drug sales were conducted in the common hallway/stairwell area of an apartment complex in which law-abiding individuals are struggling to live in peace and raise their families. The impact of Pridgen's crimes on the quality of life of those individuals cannot be overlooked.

The impact of Pridgen's crimes on his drug customers also must not be overlooked. Although the customer in the charged offenses was a CW who did not ingest the drugs, the intended customers of the additional crack cocaine and fentanyl located on his person were not; they were individuals who were ingesting these substances. Doubtless, Pridgen's conduct fed many others' addictions. The effect of Pridgen's conduct on these individuals must also be considered.

A sentence just below the low-end of the GSR properly reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence, and protects the public from further crimes of the defendant.

### B. The Agreed Sentence Properly Takes Into Account the Defendant's Personal Characteristics

The government acknowledges certain points that the defense has highlighted in this case. Pridgen had a difficult childhood, surrounded by violence, and lost his mother as a teenager. He has had health problems and has struggled with substance abuse. He has in recent years started a family, who he hopes to be with after serving his sentence.

The government's recommendation of a sentence just below the low-end of the Guidelines takes these considerations into account. The government's recommendation also takes into account other, less favorable, personal characteristics. The defendant has a lengthy and serious criminal history, including a conviction in this Court for a violation of 18 U.S.C. § 922(g) – in connection with an incident involving a shooting in front of a courthouse – for which he served a significant sentence. PSR ¶ 51. At the time of his arrest, he was an active member of the Heath Street gang, and selling drugs in an area frequented by members of that gang. PSR ¶ 7. A sentence just below the low-end of the guidelines adequately acknowledges and balances these factors.

The government also agrees with the defendant and with Probation that a recommendation to RDAP would be appropriate for the defendant, given his history of substance abuse.

### C. Reasonable Geographic Restrictions Are Appropriate in This Case

The government agrees with Probation's recommendations regarding terms of supervised release, and notes that the parties have also agreed to a geographic restriction, prohibiting Pridgen from entering the exclusion zone delineated in Attachment A to the Plea Agreement – the area of the Hailey Apartments in which he was selling drugs – without the express permission of his Probation Officer.

The purpose of this restriction is to aid Pridgen's rehabilitation by reducing his opportunities for further crime, and eliminating any expectation from uncharged co-conspirators, fellow gang members who live in or frequent the Hailey Apartments, and/or his prior customers that he will further engage with them in criminal activities. Appellate courts have routinely upheld such restrictions as a condition of probation or supervised release whenever the restriction served as a deterrent to protect the victimized community or rehabilitate the defendant based on his prior record. *See United States v. Garrasteguy*, 559 F.3d 34 (1st Cir. 2009) (affirming on plain error review 12-year restriction from Suffolk County imposed on defendant who sold drugs at Bromley Heath Housing Development); *United States v. Watson*, 582 F.3d 974 (9th Cir. 2009) (validating restriction that prevented the defendant from entering City of San Francisco without the prior approval of his Probation Officer); *United States v. Cothran*, 855 F.2d 749 (11th Cir. 1988) (validating a probation restriction that prevented a defendant, convicted of cocaine distribution to minors, from traveling to Fulton County, Georgia, because his return to

a high-crime neighborhood in Atlanta would likely result in his continued criminal activity and the endangerment of neighborhood youth).[1]

Here, the proposed restrictions are based on Pridgen's criminal conduct in this manner, reflecting drug sales over the course of many months in and around the exclusion zone. The restrictions are also drafted to give Probation the flexibility to modify the restrictions for good cause shown (such as work or school). In addition, of course Pridgen will always have the right to ask the Court to modify them while he is on supervised release.

## CONCLUSION

A sentence of incarceration just below the low end of the Guidelines, along with a significant period of supervised release properly reflects the seriousness of the offenses of conviction, promotes respect for the law, adequately punishes Pridgen for his criminal conduct, deters him and others from offending in the same way again, and protects the public.

For the foregoing reasons, and those to be articulated at the sentencing hearing, the government respectfully recommends that this Court impose a sentence of 54 months imprisonment, to be followed by a six-year term of supervised release (concurrent on all four

---

[1] In approving the geographic restriction imposed in *Garrasteguy*, the First Circuit described the legal framework for such conditions as follows:

> District courts have significant flexibility to impose special conditions of supervised release. A district court may impose as a condition of supervised release most discretionary conditions identified in 18 U.S.C. § 3563(b), or any other condition the court deems appropriate. All such conditions, however, must be "reasonably related" to the factors set forth in § 3553(a), may involve "no greater deprivation of liberty than reasonably necessary" to achieve the purposes of §§ 3553(a)(2)(c), (a)(2)(D), and must be consistent with any pertinent policy statement of the United States Sentencing Commission. 18 U.S.C. § 3583(d); *see also United States v. York*, 357 F.3d 14, 20 (1st Cir. 2004).

559 F.3d at 41 (footnotes omitted).

counts), as well as the required $400 special assessment and forfeiture as set forth in the Plea Agreement. The government also respectfully requests that terms of supervised release include a geographic restriction as set forth in Attachment A of the Plea Agreement, requiring Pridgen to stay away from the area of the housing development at which he repeatedly sold drugs.

Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offenses and the goals of sentencing. Accordingly, the government asks that the Court accept the parties' Plea Agreement and impose the agreed-upon sentence.

    Respectfully submitted,

    UNITED STATES OF AMERICA,

    By its attorney,

    ANDREW E. LELLING
    United States Attorney

    */s/ Elianna J. Nuzum*
    Elianna J. Nuzum
    Assistant United States Attorney
    John Joseph Moakley U.S. Courthouse
    One Courthouse Way, Suite 9200
    Boston, MA 02210
    elianna.nuzum@usdoj.gov
    617.748.3251

Dated: September 21, 2020

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

    */s/ Elianna J. Nuzum*
    Elianna J. Nuzum
    Assistant United States Attorney

Dated: September 21, 2020